UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TREMAIN HOGAN,

    Plaintiff,

vs.

ANNETTE CHAMBERS SMITH, *et al.*,

    Defendants.

Case No. 3:23-cv-226

District Judge Michael J. Newman
Magistrate Judge Stephanie K. Bowman

---

**ORDER: (1) VACATING THE COURT'S PREVIOUS ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE (Doc. No. 11); (2) ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (Doc. No. 5); (3) OVERRULING PLAINTIFF'S OBJECTION (Doc. No. 15); (4) DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF WITHOUT PREJUDICE (Doc. No. 4); AND (5) DISMISSING ANY PART OF PLAINTIFF'S CLAIMS SEEKING IMMEDIATE OR SPEEDIER RELEASE FROM STATE CUSTODY OR DIRECTLY CHALLENGING THE RESULTS OF PLAINTIFF'S POST-RELEASE CONTROL VIOLATION HEARING(S)**

---

This *pro se*[1] civil case is before the Court on Plaintiff's objections to the Report and Recommendation of Magistrate Judge Stephanie Bowman.  Doc. No. 15.  Judge Bowman issued the Report and Recommendation on September 11, 2023.  Doc. No. 5.  Plaintiff did not file objections to the Report and Recommendation before the time for doing so expired under Fed. R. Civ. P. 72(b).  On October 16, 2023, the Court adopted the Report and Recommendation, denied the Plaintiff's motion for injunctive relief, and dismissed any part of Plaintiff's claims that seek

---

[1] The Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally."  *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)).  However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements.  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

immediate or speedier release from state custody or may directly challenge the results of Plaintiff's post-release control violation hearing(s).  Doc. No. 11.

However, on November 2, 2023, Plaintiff filed an objection to Judge Bowman's Report and Recommendation.  Doc. No. 15.  Because Plaintiff is proceeding *pro se*, the Court will consider Plaintiff's objection as if it were timely filed, and will liberally construe the objection in his favor.  *See supra* Note 1.  Upon careful consideration, the Court again determines that the Report and Recommendation should be adopted.  Although Plaintiff's objection broadly asserts "irreparable harm and constitutional violations" due to his present incarceration (Doc. No. 15 at PageID 145-46), the objection does not undermine Judge Bowman's thorough analysis of Plaintiff's claims and motion for a preliminary injunction.

Accordingly, the Court: (1) **VACATES** its previous order adopting the Report and Recommendation (Doc. No. 11); (2) **ADOPTS** the Report and Recommendation (Doc. No. 5) in its entirety; (3) **OVERRULES** *pro se* Plaintiff's objection to the Report and Recommendation (Doc. No. 15); (4) **DENIES** Plaintiff's motion for injunctive relief without prejudice (Doc. No. 4); and (5) **DISMISSES** any part of Plaintiff's claims that seek immediate or speedier release from state custody or may directly challenge the results of his post-release control violation hearing(s).

**IT IS SO ORDERED.**

  December 12, 2023                                    s/ Michael J. Newman  
                                                       Hon. Michael J. Newman  
                                                       United States District Judge